IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

SCOTT LEROY RHEAM                                                    PLAINTIFF

v.                              Civil No. 6:11-cv-06090

CHRIS WILLIAMS, Circuit Judge,
Hot Spring County; RICHARD GARRETT,
Chief Deputy Prosecuting Attorney, Hot
Spring County; ALLEN EFIRD, Cousin to
Judge Williams; and PHYLLIS LEMONS,
Public Defender, Hot Spring County                                  DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983.  Plaintiff, Scott

Leroy Rheam, is currently an inmate of the Pulaski County Detention Facility, Little Rock, Arkansas.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O.

Hickey, United States District Judge, referred this case to the undersigned for the purpose of making

a report and recommendation.  The case is before me for preservice screening under the provisions

of the Prison Litigation Reform Act.

### 1.  Background

According to the allegations of the complaint, on December 28, 2009, at approximately 10:30

p.m., a deputy from the Hot Spring County Sheriff's Department went to Plaintiff's house asking

whether Plaintiff had a muzzle loader.  Plaintiff responded that he did not.  The deputy advised

Plaintiff that his neighbor, Allen Efird, reported that Plaintiff had a muzzle loader.

Plaintiff was asked to step outside his house.  When Plaintiff obeyed, he states the deputy

stepped inside the house and asked Plaintiff's wife if he had a muzzle loader.  She responded

affirmatively and handed the muzzle loader to the deputy.  Plaintiff was placed under arrest and

taken to jail.

Approximately a month later, Plaintiff was served with an arrest warrant for possession of a firearm by certain persons. Plaintiff bonded out of jail. Over the next ninety days, Plaintiff asserts that Efird kept harassing him and sending sheriff's deputies to his house.

In August of 2010, Plaintiff was advised by his public defender, Phyllis Lemons, to be prepared to go to jail because Judge Williams and Efird planned on revoking his bond. A bond revocation hearing was held. During the hearing, Efird told Judge Williams that Plaintiff planned to kill Efird's family. Plaintiff plead guilty to avoid going to jail. When Judge Williams asked if Plaintiff was coerced into pleading guilty, Plaintiff states he was instructed by Ms. Lemons to say no. No factual allegations are made regarding prosecuting attorney, Richard Garrett.

Plaintiff indicates he purchased his muzzle loader from a Wal-Mart approximately ten years ago. If it was illegal for him to have it, Plaintiff asserts Wal-Mart would not have sold it to him. As relief, Plaintiff asks the Court to "vacate and exp[u]nge [his] sentence and [his] parole."

**2. Discussion**

As noted above, the Plaintiff is an inmate of the Pulaski County Detention Facility. Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

The claims asserted by Plaintiff are clearly subject to dismissal as they are frivolous or are asserted against individuals immune from suit. First, Judge Williams is immune from suit under § 1983. *Mireles v. Waco*, 502 U.S. 9, 11 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *see also Duty v. City of Springdale,* 42 F.3d 460, 462

-2-

(8th Cir. 1994).  "Judges performing judicial functions enjoy absolute immunity from § 1983 liability."  *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994).

Second, the deputy prosecuting attorney, Richard Garrett, is immune from suit.  The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case."  *Id.*, 424 U.S. at 427.  This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process."  *Id.*, 424 U.S. at 430.  *See also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity).

To the extent the complaint seeks injunctive relief, I find the claim not cognizable.  While the Supreme Court has not held that this immunity insulates prosecutors from declaratory or injunctive relief, *see Pulliam v. Allen*, 466 U.S. 522 (1984), a plaintiff must show some substantial likelihood that the past conduct alleged to be illegal will recur.  Plaintiff can make no such showing here.

Third, Allen Efird is not subject to suit.  A private individual who complains of criminal conduct and is a witness for the prosecution is not subject to suit under § 1983.  *See e.g., Grow v. Fisher*, 523 F.2d 875, 879 (7th Cir. 1975)("The mere fact that the individual defendants were complainants and witnesses in an action which itself was prosecuted under color of law does not make their complaining or testifying other that what it was, *i.e.,* the action of private persons not acting under color of law."); *Rodgers v. Lincoln Towing Service, Inc.*, 596 F. Supp. 13, 21 (N.D. Ill. 1984), *aff'd*, 771 F.2d 194 (7th Cir. 1985)(A private citizen does not act under color of law when

-3-

reporting a crime). Efird cannot be sued under § 1983 because he is a private citizen, not acting under color of state law. Moreover, as a witness in a criminal proceeding, Efird is absolutely immune. *Briscoe v. LaHue*, 460 U.S. 325 (1983)(A witness at trial has absolute immunity from suit under § 1983 for giving false testimony damaging to a subject of that testimony).

Fourth, Phyllis Lemons is not subject to suit under § 1983. A § 1983 complaint must allege that each Defendant, acting under color of state law, deprived Plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. *DuBose v. Kelly*, 187 F.3d 999 (8th Cir. 1999). Phyllis Lemons was not acting under color of state law while representing Plaintiff in his criminal proceeding. *Polk County v. Dodson*, 454 U.S. 312, 318 (1981) (public defender does not act under color of state law when performing traditional functions as counsel).

Finally, Plaintiff may not seek relief in the form of release from imprisonment and reversal of his conviction in a civil rights case under § 1983. Section 1983 cannot be utilized to challenge the fact or duration of confinement. *See Preiser v. Rodriguez,* 411 U.S. 475, 489-90 (habeas corpus is exclusive remedy for state prisoner who challenges fact or duration of his confinement and seeks immediate or speedier release).

### 3. Conclusion

Accordingly, I recommend the Complaint be dismissed in its entirety because the claims asserted are frivolous or are asserted against individuals immune from suit. 28 U.S.C. § 1915(e)(2)(B)(i-iii). The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g). I therefore recommend that the Clerk be directed to place a § 1915(g) strike flag on the case.

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation**

-4-

in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 8th day of March 2012.

/s/ *J. Marschewski*

HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE